January 22, 1912.

————o————

5398.

(Court of Appeal, Parish of Orleans.)

HENRY HECKER vs. WIDOW J. P. BOURDETTE.

## On Motion to Dismiss.

1. An order of appeal, made at a term subsequent to the one at which the judgment appealed from was rendered, is not a legal substitute for a citation.

2. In case two distinct and different appeals are granted in one order, one may be sustained and the other dismissed.

Dismissed in part and maintained in part.

Appeal from the Civil District Court, Division "B."

Pierson, Walton & Pierson, for plaintiff and appellee.

Albert Voorhies, for defendant and appellant.

DUFOUR, J.—A motion to dismiss this appeal is made on the ground that no petition was filed and no citation of appeal was ordered, issued or served herein.

The judgments appealed from was respectively rendered on December 31, 1910 and June 22nd, of the same year.

On June 16th, 1911, a motion was made for the appeal returnable to this Court June 26th with a prayer that "a copy of this rule be served on the plaintiff."

On June 20th, 1911, another motion was made changing the return day and an order was issued citing the plaintiff to appear in this Court on that stated day.

So far as the appeal relates to the judgment of December 31st, 1910, rendered during the same term the motion for appeal in open court is effective.

But, there being no petition or formal citation or prayer for one, the appeal quoad the judgment of June 22nd, 1910, rendered at a different term, cannot be maintained.

Service of a copy of a rule asking for an appeal or of a motion subsequently fixing another return day is not a legal substitute in such case for the citation required by the Code of Practice.

The fault is imputable to the appellant's failure to ask for citation.

### 39 An. 939; 42 An., 716; 109 La. 465.

It is therefore ordered that the appeal from the judgment rendered December 31st, 1910, be maintained and the appeal from the judgment rendered June 22nd 1910 be dismissed.

November 20th, 1911.

Rehearing refused December 4, 1911.

## ON THE MERITS.

1. Act 22 of 1904, respecting notice of pendency of the action in regard to immovable property and providing for the registration of such notice, grants the right to record the notice to the plaintiff and not to the defendant.

2. An inscription of such notice by defendant is without legal warrant and without legal effect and its cancellation may be demanded by plaintiff at any time.

DUFOUR, J.—This is an appeal from a judgment ordering the cancellation and erasure from the records of the Recorder of Mortgages of the inscription of notice of pendency of this suit.

This inscription was recorded at the instance of the defendant and this rule to erase was made after a final judgment recognizing the plaintiff as owner of the real estate in controversy.

There is no reconventional demand in the answer, the defendants prayer being merely for dismissal of plaintiff's suit and the quashing of a writ of sequestration.

Act 22 of 1904, respecting notice of pendency of the action in regard to immovable property and providing for the registration of such notice, grants the right to record the notice to plaintiff in suit alone and not to the defendant. It is intended for the protection of the former's claims by giving notice to third persons of the pendency of a suit to enforce them.

An inscription of such notice by defendant is without warrant and legal effect and its cancellation may be demanded by plaintiff.

Judgment affirmed.

January 22nd, 1912.